Jean **EVANS**, parent of disabled child as defined within the Individuals with Disabilities Education Act, Plaintiff—Appellee,

v.

**GROSSMONT UNION HIGH SCHOOL DISTRICT, Defendant—Appellant,**

and

**Does, 1–100, Defendant.**

Lisa **Noyes**, parent of disabled child as defined within the Individuals with Disabilities Education Act, Plaintiff—Appellee,

v.

**Grossmont Union High School District, Defendant—Appellant.**

Nos. 04–56341, 04–56360.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2006.

Decided Aug. 15, 2006.

Michael Cochrane, Cochrane and Nelson, Poway, CA, for Plaintiffs–Appellees.

Paul V. Carelli, Stutz Artiano Shinoff and Holtz, San Diego, CA, for Defendants–Appellants.

Before: THOMPSON, TASHIMA, and CALLAHAN, Circuit Judges.

649

MEMORANDUM *

Jean Evans and Lisa Noyes, plaintiffs-appellees, sought special education benefits for their respective children from Grossmont Union High School District ("Grossmont"), defendant-appellant, under the Individual with Disabilities Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* Plaintiffs and Grossmont agreed to certain benefits for plaintiffs' respective children in two separate agreements. When Grossmont declined thereafter to pay plaintiffs' attorneys' fees, plaintiffs filed separate actions in the United States District Court for the Southern District of California. The district court awarded summary judgments to plaintiffs holding that each plaintiff was a prevailing party and entitled to attorneys' fees under 20 U.S.C. § 1415(i)(3)(B). Grossmont filed timely appeals from the district court's awards of attorneys' fees.

In our opinion in *P.N. v. Seattle Sch. Dist. No. 1,* No. 04-36141, which was heard in tandem with these appeals, we hold that a parent who achieves a material alteration of the legal relationship of the parties through a settlement agreement is not a prevailing party as that term is used in 20 U.S.C. § 1415(i)(3)(B), and hence is not eligible for attorneys' fees, unless there is some judicial *imprimatur* of that agreement. Our ruling is based, in part, on our decisions in *Shapiro v. Paradise Valley Unified Sch. Dist.,* 374 F.3d 857 (9th Cir. 2004), and *Carbonell v. INS,* 429 F.3d 894 (9th Cir.2005), which were decided after the district court granted summary judgments in the cases at bar.

As there does not appear to have been any judicial *imprimatur* of either of plaintiffs' settlement agreements, the district

court's grants of summary judgment are REVERSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.